UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOEL A. WALKER, | ) | CASE NO. 4:08CV0534 |
| | ) | |
| Petitioner | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| -vs- | ) | |
| | ) | |
| MICHAEL MUKASEY, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On March 17, 2008, pro se petitioner Noel A. Walker filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was filed against United States Attorney General Michael Mukasey and Warden Joseph Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio.[1] Mr. Walker claims that once his sentence expired on March 3, 2008 he has been held in illegal confinement. It is his assertion that his continued detention is a violation of the "Rule of Specialty."

Background

Mr. Walker was extradited to the United States in 1989 from Jamaica pursuant to an extradition Treaty Between the Government of Jamaica and the Government of the United States

---

[1] At the time petitioner filed this action he was incarcerated at N.E.O.C.C. On March 19, 2008, Mr. Walker advised the court that he is being held at the Seneca County Jail in Tiffin, Ohio.

of America on Mutual Legal Assistance in Criminal Matters, signed July 7, 1989 (Pet.'s Ex. 1, hereinafter "Treaty"). Attached to the Treaty is a copy of an affidavit in support of the Request for the Extradition of Noel Walker, prepared by Assistance United States Attorney Katherine Ho. Ms. Ho explains that she is an expert in criminal laws and "familiar with the charges and evidence in the case of United States v. Noel A. Walker." The affidavit was filed in the United States District Court for the Middle District of Florida and captioned "United States v. Noel A. Walker, No. 08:01-CR-152-T-26TBM."

Some time after arriving in the United States, Mr. Walker pleaded guilty in the Middle District Court of Florida to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine in violation of 21 U.S.C. § 846. He states he was sentenced to 87 months incarceration on March 12, 2004.

Within two years after the court imposed petitioner's sentence, he appealed his sentence and filed a motion to vacate. Both actions were denied. In his present petition, Mr. Walker claims he was advised by the District Court of Florida that he would be released from his prison term on March 3, 2008. (Pet. at 3.) He claims that after that date the United States Attorney General no longer has "personal jurisdiction over the petitioner" and his continued confinement violates Article XIII of the Treaty. Under Article XIII, entitled Protection from Legal Process, it provides:

> (1) A person appearing before an authority in the Requesting or Requested Stated, having traveled to that State pursuant to a request under Article X, XI, or XII, **shall not** be subject to service of process, or **be detained or subjected to any other restriction of personal liberty**, with respect to any act or conviction which preceded departure for or transfer to the State except as provided in Articles XI and XII.
>
> (2) **Paragraph 1 shall cease to apply** if the person,

>having left the relevant State, voluntarily returns to it, or if **ten days after the person has been notified in writing by the appropriate authorities of the relevant State that his presence is no longer required** in that State, that person, **being free to leave**, has not left.

(Treaty, at Article XIII)(emphasis added). He asserts this court has jurisdiction to determine that his detention violates the Rule of Speciality and the "unambiguous language of the treaty, " which deprived the United States Attorney of personal jurisdiction over petitioner after March 3, 2008.

## 28 U.S.C. § 2241

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Here, Mr. Walker is not challenging the execution or manner in which his sentence is being served. Instead, he claims he should no longer be held in custody now that his prison sentence has expired. The court presumes his present detention relates to his pending deportation. It is Mr. Walker's belief that Article XIII of the Treaty entitles him to protection under the Rule of Speciality. Based on the facts and relevant case law, however, Mr. Walker's petition must fail.

## Speciality Doctrine

Under international law, the "specialty doctrine" generally prohibits a requesting

State from prosecuting an extraditee "for an offense other than the one for which surrender was made." I.A. Shearer, Extradition in International Law 146 (1971). It requires that persons who are surrendered by a government for prosecution based on specific alleged criminal activity will not be subject to indiscriminate prosecution by the receiving government. See Fiocconi v. Attorney General of United States, 462 F.2d 475, 481 (2d Cir.), cert. denied, 409 U.S. 1059 (1972). This doctrine "is designed to prevent prosecution for an offense for which the person would not have been extradited." RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES § 477 cmt. b (1987). Even if he had standing as a criminal defendant to assert a violation of the doctrine of specialty, see Demjanjuk v. Petrovsky, 776 F.2d 571, 583-84 (6th Cir.1985) (expressing doubt that the individual has standing on the grounds that "[t]he right to insist on application of the principle of specialty belongs to the requested state, not to the individual whose extradition is requested") (citation omitted), cert. denied, 475 U.S. 1016 (1986)) and Judgment Vacated on other grounds by Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir.1993), Mr. Walker does not allege any facts which suggest he was prosecuted for any crime other than the one for which he served his sentence.

### Article XIII Violation

To the extent petitioner argues he can no longer be held in confinement because of Article XIII of the Treaty, he has failed to state that the request for his extradition was "pursuant to a request under Article X, XI, or XII." (Treaty, at Art. XIII, ¶(1)).  Without alleging that his extradition request was made pursuant to any of those Articles of the Treaty, Mr. Walker cannot assert that he falls under the protection afforded by Article XIII.  Clearly, this is a matter which is central to the assertions set forth in his petition. Without more, the court cannot recognize any claim for which Mr. Walker is seeking relief under the Treaty.

Expedited Deportation

Even liberally construing this petition as a request for expedited deportation, Mr. Walker is still not entitled to relief. There is no private cause of action for an immediate order of deportation. With regard to the detention and removal of aliens, the law provides that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Thus, courts have uniformly held that no alien has an individual right to compel the Attorney General or the Bureau of Immigration to deport him. See, e.g., Prieto v. Gluch, 913 F.2d 1159 (6th Cir.1990); Thye v. United States, 109 F.3d 127 (2d Cir.1997)(per curiam); Hernandez-Avalos v. Immigration & Naturalization Serv., 50 F.3d 842 (10th Cir.1995); Campos v. Immigration & Naturalization Serv., 62 F.3d 311 (9th Cir.1995); Giddings v. Chandler, 979 F.2d 1104 (5th Cir.1992); Aguirre v. Meese, 930 F.2d 1292 (7th Cir.1991) (per curiam ). Accordingly, this court lacks the authority to issue a deportation order. United States v. Quaye, 57 F.3d 447, 449-50 (5th Cir.1995); United States v. Jalilian, 896 F.2d 447 (10th Cir.1990); United States v. Abushaar, 761 F.2d 954, 958-61 (3d Cir.1985); United States v. Hernandez, 588 F.2d 346, 350-52 (2d Cir.1978).

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 S/Peter C. Economus - 7/11/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE